THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ASANA PARTNERS FUND II REIT 14 LLC, a Delaware limited liability company, and AP PINE AND BOYLSTON, LLC, a Delaware limited liability company,

Plaintiffs,

v.

HEATH FAMILY I LLC,

Defendant.

CASE NO. C20-1034-JCC

ORDER

This matter comes before the Court on Heath Family I LLC's unopposed motion for protective order and temporary stay of discovery (Dkt. No. 25). Having thoroughly considered the motion and the relevant record, the Court GRANTS the motion in part for the reasons explained herein.

## I. BACKGROUND

This is a contract dispute between Asana Partners Fund II REIT 14 LLC ("Asana Partners"), AP Pine and Boylston LLC, and Heath Family I LLC. In short, Plaintiffs agreed to purchase a residential apartment building from Heath Family I LLC but refused to close because they allege that Heath breached the purchase and sale agreement by allowing the building's

tenants to pay reduced rent for April and May 2020.[1] (*See generally* Dkt. Nos. 21, 22.) Asana Partners now seeks $750,000 it deposited into escrow and other damages. (*See* Dkt. No. 21 at 5.) Heath filed a counterclaim alleging that the reduction in rent did not breach the purchase and sale agreement and that Asana breached the agreement by failing to close on time. (*See generally* Dkt. No. 22.) Heath also seeks the escrow money. (*See* Dkt. No. 22 at 8–9.)

Shortly after the claims were filed, and before discovery was served, Heath moved for summary judgment on its counterclaim, arguing that the Court can resolve this matter promptly based on the undisputed facts surrounding the rent reduction and the plain meaning of the contract. (*See generally* Dkt. No. 9.)[2] Plaintiffs responded by serving discovery on Heath and filing a Rule 56(d) motion requesting that the Court defer consideration of Heath's motion for summary judgment until Asana Partners could conduct further discovery. (*See generally* Dkt. No. 19.) In reply, Heath argued that discovery is not necessary to resolve the motion. (*See generally* Dkt. No. 23.)

About two weeks later, Heath moved for a protective order requesting that the Court strike the discovery Plaintiffs served and stay all discovery pending its resolution of Heath's motion for summary judgment and Plaintiffs' motion for a continuance. (*See generally* Dkt. No. 25.) Plaintiffs did not respond to the motion for protective order and stay.[3]

---

[1] Asana Partners entered into the purchase and sale agreement with Heath but later assigned its interest in the agreement to AP Pine and Boylston LLC. (*See* Dkt. No. 21 at 2.) The parties agree that Asana Partners and AP Pine are identically situated for purposes of this matter (*see generally* Dkt. No. 17) so the Court refers to Asana Partners and AP Pine collectively as "Plaintiffs."

[2] Plaintiffs later filed an amended complaint (Dkt. No. 21) and Heath filed an amended answer and counterclaim (Dkt. No. 22) but the only changes were to add AP Pine and Boylston LLC as a party and the parties stipulated that the pending summary judgment briefing applies equally to the amended pleadings. (*See* Dkt. No. 17.)

[3] The Court is troubled that Plaintiffs refused to agree to Heath's proposed stay when the parties met and conferred, (*see* Dkt. No. 26 at 2), yet chose not to respond to Heath's motion. If Plaintiffs did not oppose Heath's motion, the parties should have resolved this matter without seeking the Court's intervention. If Plaintiffs opposed the motion, they should have filed a response.

## II. DISCUSSION

Local Rule 7(b)(2) provides that "if a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit." Here, Plaintiffs failed to respond to Heath's motion for protective order and temporary stay of discovery. Therefore, the Court concludes the motion has merit.

In addition, the Court independently concludes the motion to stay discovery should be granted. The Court has broad discretion to control discovery. *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). Under Federal Rule of Civil Procedure 26(c), the Court may limit discovery upon a showing of good cause. It is well-established that "[a] court may relieve a party of the burdens of discovery while a dispositive motion is pending." *Shakir v. Adams*, 2019 WL 1436903, slip op. at 1 (W.D. Wash. 2019); *see also, e.g.*, *Donaghe v. Gollogly*, 59 F. App'x 991, 992 (9th Cir. 2003) (affirming stay of discovery pending Court's ruling on pending motion for summary judgment).

The Court finds good cause to temporarily stay discovery because Heath's motion for summary judgment may fully resolve this matter, and even if Plaintiffs' motion for a continuance is granted, the Court may narrow the scope of discovery. *See Burlington N. Santa Fe R. Co. v. Assiniboine & Sioux Tribes of Fort Peck Reservation*, 323 F.3d 767, 775 (9th Cir. 2003) ("[A court granting a Rule 56(d) motion need not] permit wholesale discovery. Rather, the district court may tailor limited discovery before again entertaining a motion for summary judgment."). Because the Court will address the propriety of additional discovery when the Court rules on the pending motions, the Court declines to strike the pending discovery at this time. That discovery is stayed.

## III. CONCLUSION

For the foregoing reasons, Heath Family I LLC's unopposed motion for protective order and temporary stay of discovery (Dkt. No. 25) is GRANTED in part. The Court STAYS all discovery, including the pending discovery and the initial case management deadlines (*see* Dkt.

No. 5), until the Court enters an order addressing Heath Family I LLC's motion for summary judgment (Dkt. No. 9) and Plaintiffs' motion for a continuance (Dkt. No. 19).

DATED this 1st day of October 2020.

John C. Coughenour
UNITED STATES DISTRICT JUDGE