THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ASANA PARTNERS FUND II REIT 14 LLC, a Delaware limited liability company; and AP PINE AND BOYLSTON, LLC, a Delaware limited liability company,<br><br>　　　　　　　　Plaintiffs,<br>　　v.<br><br>HEATH FAMILY I LLC, a Washington limited liability company,<br><br>　　　　　　　　Defendant. | CASE NO. C20-1034-JCC<br><br>ORDER |

This matter comes before the Court *sua sponte*. Plaintiff Asana Partners Fund II REIT 14 LLC alleges that the Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because there is complete diversity between the parties and the amount in controversy is more than $75,000. (*See* Dkt. Nos. 1 at 1–2, 21 at 1–2.) Defendant Heath Family I LLC admits these allegations. (*See* Dkt. Nos. 3 at 1–2, 22 at 1–2.) However, the Court has an independent obligation to determine it has jurisdiction and must dismiss the case if it "determines at any time that it lacks subject-matter jurisdiction." Fed. R. Civ. P. 12(h)(3). Here, the parties' pleadings do not provide sufficient information to allow the Court to determine whether it has subject-matter jurisdiction over this matter.

"A limited liability company 'is a citizen of every state of which its owners/members are

ORDER
C20-1034-JCC
PAGE - 1

citizens,' not the state in which it was formed or does business." *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 612 (9th Cir. 2016) (quoting *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006)). Accordingly, to properly plead diversity jurisdiction, Asana Partners was required to plead "the citizenship of all of the members" of the LLCs in this case and show that there was complete diversity at the time the case was filed. *Id.* at 611. Asana Partners did not. (*See* Dkts. Nos. 1 at 1–2, 21 at 1–2.) Further, the parties' corporate disclosure statements do not include information required by Local Rule 7.1 that the Court could use to evaluate whether it has diversity jurisdiction over this matter, (*see* Dkt. Nos. 7–8), and AP Pine and Boylston LLC never filed a corporate disclosure statement at all.

Even so, "[d]efective jurisdictional allegations are not fatal." *NewGen, LLC*, 840 F.3d at 612. "Courts may permit parties to amend defective allegations of jurisdiction at any stage in the proceedings." *Id.*; *see also* 28 U.S.C. § 1653. Accordingly, the Court ORDERS as follows:

1. The parties shall file corporate disclosure statements that comply with Local Rule 7.1 within ten days of this order. The statements shall also describe any changes in the LLCs' members or their citizenship since July 1, 2020.

2. Plaintiffs shall file an amended complaint that alleges the members of the LLCs involved in this matter and the citizenship of those members no later than two days after the final corporate disclosure statement is filed. The Court does not grant leave to amend any other allegations in the complaint.

3. Defendant shall respond to the amended complaint within two days of the date it is filed.

4. The clerk is DIRECTED to renote Defendant's motion for summary judgment (Dkt. No. 9) for consideration on November 3, 2020.

//
//
//

1    DATED this 20th day of October 2020.

*[signature]*

John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER
C20-1034-JCC
PAGE - 3