THE HONORABLE JOHN C. COUGHENOUR

1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9   ASANA PARTNERS FUND II REIT 14 LLC,        CASE NO. C20-1034-JCC
    a Delaware limited liability company; and AP
10  PINE AND BOYLSTON, LLC, a Delaware          ORDER TO SHOW CAUSE
    limited liability company,
11

12                          Plaintiffs,
            v.
13
    HEATH FAMILY I LLC, a Washington
14  limited liability company,

15                          Defendant.
16

17        This matter comes before the Court *sua sponte.* Plaintiff Asana Partners Fund II REIT 14

18  LLC alleges that the Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because

19  there is complete diversity between the parties and the amount in controversy is more than

20  $75,000. (*See* Dkt. Nos. 1 at 1–2, 21 at 1–2, 33 at 1–2.) On October 20, 2020, the Court entered

21  an order explaining that Plaintiffs failed to meet their burden to properly plead diversity

22  jurisdiction because their complaint did not "plead 'the citizenship of all of the members' of the

23  LLCs in this case and show that there was complete diversity at the time the case was filed."

24  (Dkt. No. 30 at 2 (quoting *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 611 (9th Cir. 2016).)

25  The Court ordered both parties to file corporate disclosure statements that comply with Local

26

1   Rule 7.1 and allowed Plaintiffs an opportunity to amend their complaint to properly plead

2   diversity jurisdiction. Plaintiffs have once again failed to properly plead diversity jurisdiction.

3         Plaintiffs' Second Amended Complaint alleges that "Asana Partners Fund II, LP, a

4   Delaware limited partnership, . . . is the sole member of Asana Partners Fund II REIT 14, LLC."

5   (Dkt. No. 33 at 2.) But Plaintiffs failed to properly plead the citizenship of Asana Partners Fund

6   II, LP as the Court ordered and as is required to demonstrate diversity jurisdiction. "[A]

7   partnership is a citizen of all of the states in which its partners are citizens." *Johnson v. Columbia*

8   *Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). To properly plead the citizenship of a

9   limited partnership, a plaintiff must plead the citizenship of all of the partnership's general

10  partners and limited partners. *See Carden v. Arkoma Assocs.*, 494 U.S. 185, 192 (1990) ("We

11  have never held that an artificial entity suing or being sued in its own name, can invoke the

12  diversity jurisdiction of the federal courts based on the citizenship of some but not all of its

13  members."). Plaintiffs did not.

14        In addition, Plaintiffs failed to properly plead the citizenship of Defendant Heath Family I

15  LLC despite Heath filing an amended corporate disclosure statement. (*See* Dkt. No. 31.) Instead,

16  Plaintiffs plead that Heath is "a Washington limited liability company." (Dkt. No. 33 at 2.) As

17  the Court noted in its previous order, "[a] limited liability company 'is a citizen of every state of

18  which its owners/members are citizens,' *not the state in which it was formed or does business*."

19  *NewGen, LLC*, 840 F.3d at 612 (quoting *Johnson*, 437 F.3d at 899) (emphasis added).

20        Accordingly, Plaintiffs are ORDERED TO SHOW CAUSE why the Court should not

21  dismiss this action for lack of subject-matter jurisdiction by filing (1) an amended corporate

22  disclosure statement that complies with Local Rule 7.1, (2) an amended complaint that

23  adequately pleads subject-matter jurisdiction, and (3) a supplemental brief of no more than ten

24  pages explaining why the Court has subject-matter jurisdiction by November 20, 2020.

25  Defendant's obligation to respond to Plaintiffs' second amended complaint or forthcoming third

26  amended complaint is suspended until further order of the Court. Defendant may, but is not

required to, respond to Plaintiffs' supplemental briefing with a brief of no more than ten pages by December 4, 2020. The clerk is DIRECTED to renote Defendant's motion for summary judgment (Dkt. No. 9) for consideration on December 18, 2020.

DATED this 3rd day of November 2020.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER TO SHOW CAUSE
C20-1034-JCC
PAGE - 3