THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ASANA PARTNERS FUND II REIT 14 LLC, a Delaware limited liability company; and AP PINE AND BOYLSTON, LLC, a Delaware limited liability company,<br><br>Plaintiffs,<br>v.<br><br>HEATH FAMILY I LLC, a Washington limited liability company,<br><br>Defendant. | CASE NO. C20-1034-JCC<br><br>ORDER |

This matter comes before the Court on Plaintiff Asana Partners Fund II REIT 14 LLC and AP Pine and Boylston LLC's response to the Court's order to show cause for why the Court should not dismiss this action for lack of subject-matter jurisdiction (Dkt. No. 35). Having thoroughly reviewed the parties' briefing and the relevant record, the Court concludes that Plaintiffs have failed to meet their burden to adequately plead subject-matter jurisdiction and the Court DISMISSES this action without prejudice.

I.    BACKGROUND

Plaintiff Asana Partners Fund II REIT 14 LLC originally filed this breach of contract action on July 1, 2020. (*See* Dkt. No. 1.) The original complaint alleged that the Court has jurisdiction "pursuant [to] 28 U.S.C. § 1332 because there is complete diversity between the

Parties and the amount at stake is more than $75,000." (*Id.* at 2.) Plaintiffs repeated these allegations in their first amended complaint,[1] (Dkt. No. 21 at 2), and in both instances Defendant Heath Family I LLC admitted that jurisdiction is proper, (*see* Dkt. Nos. 3 at 1–2, 22 at 1–2). However, Plaintiffs' first two complaints did not properly allege the citizenship of any of the LLCs involved in this matter. Plaintiffs appeared to assume that an LLC's citizenship is determined based on the state in which it was formed and its principal place of business, like a corporation. (*See* Dkt. Nos. 1 at 1–2, 21 at 1–2.) But that is not the law. *See NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 612 (9th Cir. 2016) ("A limited liability company 'is a citizen of every state of which its owners/members are citizens,' not the state in which it was formed or does business.") (quoting *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006)). The Court issued an order pointing out Plaintiffs' defective jurisdictional allegations and offered Plaintiffs an opportunity to cure them by filing an amended complaint. (*See* Dkt. No. 30.)

Plaintiffs' second amended complaint also failed to properly allege diversity jurisdiction. The complaint alleged that "the sole member of Plaintiff AP Pine and Boylston LLC" is "Plaintiff Asana Partners Fund II REIT 14, LLC," meaning the jurisdictional analysis for the two entities merges. (Dkt. No. 33 at 2.) But Plaintiffs once again failed to properly plead the citizenship of Asana Partners Fund II REIT 14 LLC. Although Plaintiffs identified the sole member of Asana Partners Fund II REIT 14 LLC as Asana Partners Fund II, LP, Plaintiffs failed to plead its citizenship. (*See id.* at 1–2.) Instead, Plaintiffs once again appeared to assume that a partnership is treated like a corporation for purposes of diversity jurisdiction and pleaded the partnership's principal place of business and the state in which it was formed. (*See id.*) Plaintiffs also failed to amend their allegation regarding Defendant Heath Family I LLC's citizenship even though Heath filed an amended corporate disclosure statement identifying its members and their

---

[1] Plaintiffs filed this amended complaint on their own accord to add AP Pine and Boylston LLC as an additional plaintiff. (*See* Dkt. No. 17.)

citizenship. (*See id.*; *see also* Dkt. No. 31.) The Court issued another order in which it identified these defects, provided Plaintiffs with another opportunity to cure them, and ordered Plaintiffs to show cause why the Court should not dismiss the action for lack of subject-matter jurisdiction. (*See* Dkt. No. 34.)

Plaintiffs have now filed a third amended complaint that partially identifies the next layer of ownership. (*See* Dkt. No. 38 at 1–2.) Plaintiffs identify the general partner of Asana Partners Fund II, LP as Asana Partners Fund II GP, LLC but do not identify the members of that LLC or allege their citizenship. (*See id.*) Plaintiffs refused to identify the "limited partners of Asana Partners Fund II, LP" but allege that they are "institutional investors" that are "domiciled" in Luxembourg or one of fifteen states, none of which are Washington or Oregon. (*Id.*) In a declaration submitted in support of Plaintiffs' response to the Court's order to show cause, Plaintiffs' counsel explains that these "institutional investors . . . include pensions, trusts, and other entities that are typically comprised of large individual memberships" and that "if one were to add up the total 'membership' of all investors in the Asana Fund II, LP and its constituent investor-members, and the corporate and individual members of those investor-members, the estimated number would be in the tens of thousands, if not hundreds of thousands." (Dkt. No. 36 at 2.) Plaintiffs also revised their allegations regarding Heath's citizenship.[2] (*See* Dkt. No. 38 at 2.)

Plaintiffs argue that these allegations are sufficient to establish diversity jurisdiction, (*see generally* Dkt. No. 35), and, even if not, "there is no basis . . . to dismiss for lack of subject matter jurisdiction" because "Heath has not challenged Plaintiffs'" jurisdictional allegations, (Dkt. No. 41 at 1).

---

[2] Plaintiffs' third amended complaint does not affirmatively allege Heath's citizenship, even on information and belief, and instead simply alleges what "Heath states" in its corporate disclosure statement. (Dkt. No. 38 at 2.) Because the sufficiency of these allegations does not affect the Court's decision to dismiss the complaint, the Court assumes without deciding that these allegations are sufficient to plead that Heath is a citizen of Washington and Oregon.

ORDER
C20-1034-JCC
PAGE - 3

## II. DISCUSSION

Plaintiffs' argument that the Court may not dismiss for lack of subject-matter jurisdiction because Heath did not challenge their allegations is meritless. "Article III generally requires a federal court to satisfy itself of its jurisdiction over the subject matter before it considers the merits of a case." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). Thus, "courts . . . have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). Not only is the Court required to satisfy itself that it has subject-matter jurisdiction, "[i]t is in everyone's best interest, both the litigants' and the courts', to verify that diversity jurisdiction exists before proceeding with the case." *Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218, 1220 (11th Cir. 2017). Because subject-matter jurisdiction "involves a court's power to hear a case, [it] can never be forfeited and waived." *United States v. Cotton*, 535 U.S. 625, 630 (2002). Therefore, "it may be raised at any time." *Rainero v. Archon Corp.*, 844 F.3d 832, 841 (9th Cir. 2016). Allowing litigation to proceed despite doubts about the Court's jurisdiction risks wasting the Court's and the parties' resources. *See, e.g., id.* ("[T]his litigation proceeded for several years before the district court dismissed it for lack of subject matter jurisdiction.").

As the parties invoking the Court's diversity jurisdiction, Plaintiffs "bear[] the burden of . . . pleading . . . diversity jurisdiction." *NewGen, LLC*, 840 F.3d at 613–14. "Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Despite being given several opportunities, Plaintiffs failed to do so.

"While humans and corporations can assert their own citizenship, other entities take the citizenship of their members." *Americold Realty Trust v. Conagra Foods, Inc.*, 136 S. Ct. 1012, 1014 (2016). Thus, "[a] limited liability company 'is a citizen of every state of which its owners/members are citizens,' not the state in which it was formed or does business." *NewGen,*

*LLC*, 840 F.3d at 612 (quoting *Johnson*, 437 F.3d at 899). If an LLC's membership consists of only humans or corporations, applying this rule is relatively simple. But if an LLC's membership includes other unincorporated associations, like partnerships or additional LLCs, a plaintiff must "trace[] through however many layers of partners or members there may be" until the underlying party's citizenship is established. *Meyerson v. Harrah's E. Chi. Casino*, 299 F.3d 616, 617 (7th Cir. 2002).

     To adequately plead the citizenship of Asana Partners Fund II REIT 14 LLC, Plaintiffs were required to plead "the citizenship of all of [its] members." *NewGen, LLC*, 840 F.3d at 611. Plaintiffs identified Asana Partners Fund II, LP as the sole member of Asana Partners Fund II REIT 14 LLC but failed to plead its citizenship. Like other unincorporated associations, "a partnership is a citizen of all of the states in which its partners are citizens." *Johnson*, 437 F.3d at 899. To properly plead the citizenship of a limited partnership, a plaintiff must plead the citizenship of all of the partnership's general partners and limited partners. *See Carden v. Arkoma Assocs.*, 494 U.S. 185, 192–96 (1990). Instead of doing so, Plaintiffs identified Asana Partners Fund II GP, LLC as Asana Partners Fund II, LP's general partner but refused to identify any of its members. (*See* Dkt. No. 38 at 1–2.) That alone is fatal to Plaintiffs' third attempt to adequately plead diversity jurisdiction. Further, Plaintiffs refused to name Asana Partners Fund II, LP's limited partners, instead noting that they are unidentified "institutional investors" that are "domiciled" in various locations other than Washington and Oregon. (Dkt. No. 38 at 1–2.) These allegations, too, are deficient because Plaintiffs admit that the "institutional investors" include "entities that are typically comprised of large individual memberships," (Dkt. No. 36 at 3), whose citizenship is determined by their members' citizenship, not by their domiciles. *See Americold*, 136 S. Ct. at 1014; *see also Kanter*, 265 F.3d at 857 ("[A] *natural person's* state citizenship is . . . determined by her state of domicile.") (emphasis added). Further, Plaintiffs are required to plead *facts* that show their citizenship. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ("While legal conclusions can provide the framework of a complaint, they must be

supported by factual allegations."). Simply alleging that unincorporated entities are citizens of certain states without pleading underlying facts showing their citizenship does not suffice. *See Guar. Nat'l Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 59 (7th Cir. 1996) ("To determine the citizenship of the Edward Darman Company Limited Partnership, we need to know the name and citizenship(s) of its general and limited partners.").

Plaintiffs argue that they are not required to allege the citizenship of these entities because they are more than one step removed from the underlying Plaintiff LLCs. (*See generally* Dkt. No. 35.) Plaintiffs are wrong. It is well established that Plaintiffs must "trace[] through however many layers of partners or members there may be" to establish the citizenship of the underlying parties. *Meyerson*, 299 F.3d at 617; *see also Purchasing Power, LLC*, 851 F.3d at 1220 (Because "it is common for an LLC to be a member of another LLC . . . citizenship of LLCs often ends up looking like a factor tree that exponentially expands every time a member turns out to be another LLC, thereby restarting the process of identifying the members of that LLC."); *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010) (similar). Indeed, the Ninth Circuit looked beyond the first layer of unincorporated entities to determine the citizenship of the defendant in *Johnson* itself. *See* 437 F.3d 894. There, the defendant was a limited partnership whose only partners were two LLCs. *Id.* at 896. One of the members of the LLCs was a trust. *Id.* at 899. To determine the citizenship of the underlying plaintiff, the court looked to the citizenship of the trust's trustee, even though the trustee was several layers removed from the underlying plaintiff (Plaintiff limited partnership → partner LLC → member trust → trustee). *See id.*

Plaintiffs also argue that they are not required to affirmatively allege the citizenship of the sole member of Plaintiff Asana Partners Fund II REIT 14 LLC but rather may simply allege that it "is not a citizen of Washington or Oregon." (Dkt. No. 35 at 8.) The Ninth Circuit has squarely rejected this argument too. *See Kanter*, 265 F.3d at 857 (holding that defendant failed to plead diversity jurisdiction when it did not "affirmatively allege the state of citizenship of

ORDER
C20-1034-JCC
PAGE - 6

corporate defendants" but rather "merely alleged that they were not citizens of California"). To be sure, courts may overlook a party's failure to plead citizenship affirmatively in "unusual circumstances," *id.*, such as when "the information necessary to establish the diversity of the citizenship of . . . [one party is] not reasonably available to [the other party]," but those circumstances are not present here, where Plaintiffs have failed to plead *their own* citizenship, *Carolina Cas. Ins. Co. v. Team Equip., Inc.*, 741 F.3d 1082, 1086 (9th Cir. 2014); *see also New Amsterdam Coffee & Tea Co., LLC v. Dady*, 2017 WL 8220228, slip. op. at 2 (C.D. Cal. 2017). For the same reason, Plaintiffs' argument that they need discovery to properly allege jurisdiction rings hollow. (*See* Dkt. No. 35 at 5.) If Plaintiffs had properly alleged their own citizenship and Defendant's citizenship were in question, the Court would entertain a request from Plaintiffs for reasonable jurisdictional discovery. Here, however, jurisdictional discovery of Heath would not serve any useful purpose because Plaintiffs are unwilling to allege facts showing their own citizenship.

### III. CONCLUSION

"Litigants who call on the resources of a federal court must establish that the tribunal has jurisdiction, and when after multiple opportunities they do not demonstrate that jurisdiction is present, the appropriate response is clear." *Guar. Nat'l Title Co.*, 101 F.3d at 59. The Court has given Plaintiffs "chance after chance" to plead diversity of citizenship, and they have failed to do so. *Carolina Cas. Ins. Co.*, 741 F.3d at 1088 (quoting *America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992)). Because of Plaintiffs' "repeated failure to cure deficiencies by amendments previously allowed," the Court DISMISSES the complaint without prejudice and without leave to amend. *Foman v. Davis*, 371 U.S. 178, 182 (1962). The Clerk is DIRECTED to close this case.

//
//
//

DATED this 9th day of December 2020.

*John C. Coughenour*
John C. Coughenour
UNITED STATES DISTRICT JUDGE